IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 1:18-cr-131 |
| | : | |
| v. | : | **(Judge Wilson)** |
| | : | |
| ERIC T. BANKS, | : | |
| Defendant. | : | Filed Electronically |

**UNITED STATES' BRIEF IN OPPOSITION TO MOTION FOR JUDGMENT OF ACQUITTAL AND NEW TRIAL PURSUANT TO <u>FEDERAL RULE OF CRIMINAL PROCEDURE 29 AND 33</u>**

After hearing law-enforcement testimony, seeing physical evidence, hearing from cooperating witnesses and an expert in drug trafficking, and listening to recorded prison calls, a jury found Defendant Eric Banks guilty of multiple drug-trafficking and firearms offenses. The jury's verdict is supported by the weight of the evidence. The Court should deny Banks' motion for a judgment of acquittal and a new trial.

### FACTUAL AND PROCEDURAL BACKGROUND

A superseding indictment charged Banks with conspiracy to distribute heroin, in violation of 21 U.S.C. § 846 (count 1); possession with intent to distribute fentanyl, cocaine base, and cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C)

(counts 2, 3, and 4); possession of a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c)(1)(A) (count 5); and possession of a firearm as a previously convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (count 6).  Doc. 68.

Banks proceeded to trial.  The Government's evidence at trial consisted of physical evidence seized during a search of Banks' residence in York, the testimony of law enforcement officers who were present for the search, the testimony of the residence's two other occupants (Robert Maresch and Erica Groff), the testimony of an expert in drug trafficking, prison calls between Banks and Groff, and stipulations between the parties.  The jury found Banks guilty on all counts.  Doc. 166.

Banks filed a motion for a judgment of acquittal and new trial under Federal Rules of Criminal Procedure 29 and 33.  Doc. 171.

## QUESTIONS PRESENTED

I.   Whether sufficient evidence supports the jury's verdict.

II.  Whether a new trial is not warranted because the jury's verdict—which is supported by multiple types of independent evidence—is not a miscarriage of justice.

## ARGUMENT

Under Rule 29(a), a court must enter "a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." In evaluating the sufficiency of the evidence, the Court must apply "a particularly deferential standard . . . because a reviewing court 'must be ever vigilant . . . not to usurp the role of the jury by weighing credibility and assigning weight to the evidence.'" *United States v. Mercado*, 610 F.3d 841, 845 (3d Cir. 2010) (quoting *United States v. Boria*, 592 F.3d 476, 480 (3d Cir. 2010)). The Court therefore views "the evidence in the light most favorable to the prosecution and sustain[s] the verdict unless it is clear that no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* Stated another way, the Court considers "the totality of the evidence, both direct and circumstantial" and will reverse the jury's verdict only "when the record contains no evidence, regardless of how it is weighted, from which the jury could find guilt beyond a reasonable doubt." *United States v. Walker*, 657 F.3d 160, 171 (3d Cir. 2011) (internal quotation marks omitted). Thus, "[t]he burden on a defendant who raises a challenge to the sufficiency of the evidence is extremely

3

high." *United States v. Serafini*, 233 F.3d 758, 770 (3d Cir. 2002). "Unless the jury's conclusion is irrational, it must be upheld." *United States v. Caraballo-Rodriguez*, 726 F.3d 418, 432 (3d Cir. 2013) (en banc); *see also United States v. Smith*, 294 F.3d 473, 477 (3d Cir. 2002) ("[A] finding of insufficiency should be confined to cases where the prosecution's failure is clear.") (internal quotation marks omitted).

Under Rule 33(a), a court "may vacate any judgment and grant a new trial if the interest of justice so requires." Although a Rule 33 motion does not require the Court to view the evidence favorably to the Government and instead requires the Court to "exercise[] its own judgment in assessing the Government's case," Rule 33 motions "are not favored and should be granted sparingly and only in exceptional cases." *United States v. Silveus*, 542 F.3d 993, 1004-05 (3d Cir. 2008) (internal quotation marks omitted). As a result, "even if a district court believes that the jury verdict is contrary to the weight of the evidence, it can order a new trial only if it believes that there is a serious danger that a miscarriage of justice has occurred—that is, that an innocent person has been convicted." *Id.* (internal quotation marks omitted).

4

The Court should deny Banks' motion because overwhelming evidence supports the jury's verdict on each count.

## I. Sufficient evidence supports the jury's verdict that Banks conspired to distribute heroin.

To prove that Banks conspired to distribute heroin, the Government was required to establish that (1) at least two people agreed to distribute heroin; (2) Banks was a member of that agreement; and (3) Banks joined the agreement knowing of the objective to distribute heroin and intending to join at least one other person to achieve that objective. *See* Third Cir. Model Instruction § 6.21.846B.

The following evidence supports the jury's conclusion that Banks conspired to distribute heroin:

- Sergeant Craig Fenstermacher testified that Banks admitted that he was selling heroin; he had obtained three to four grams of heroin approximately three days before his residence was searched on January 19, 2018; and he had a source for heroin in Harrisburg and was willing to cooperate against her.

- Maresch and Groff testified that Banks moved into their residence in the fall of 2017. Prior to that time, they

5

explained, they began driving Banks to make heroin deliveries. They further testified that after Banks moved into their residence, they continued to drive him to make deliveries, and they also agreed to handle heroin deals at the house. Maresch also explained that, at Banks' direction, he made heroin deliveries on his own. And Groff testified that she packaged heroin and other drugs for Banks and flushed a substantial quantity of fentanyl (or heroin) as police entered the residence on January 19.

- Officer Michelle Hoover testified that Robert Maresch sold fentanyl to a confidential informant on January 17, 2018, in the backyard of Banks' residence; and that the informant obtained fentanyl from inside the residence on January 18, 2018.

- During the search of Banks' residence, officers found in Banks' pants ten bags of fentanyl and an Access card in someone else's name. They found in Banks' dresser blue wax paper bags, small rubber bands, sandwich bags, and four digital scales. Trooper Shawn Wolfe explained how each of

    these items is used in drug distribution. And in Banks' pants and dresser, officers found over $1,000.

- Phone calls that Banks made to Groff while he was incarcerated in the weeks following his arrest corroborate Groff's account that at Banks' direction, she obtained heroin from one or more suppliers and sold it to heroin users while Banks was incarcerated. On those calls, Banks and Groff used code words and phrases like "jackets," "$80 for each design," "grocery bags," "animal cookies," and "new clothes." Both common sense and Groff's testimony confirm that these words and phrases referred to drugs.

All of this evidence established well beyond a reasonable doubt that Banks agreed with at least one other person to distribute heroin.

    Banks' arguments to the contrary are meritless. He suggests that Maresch and Groff only had "knowledge of drug activity." Doc. 172, at 2. But their testimony as well as other evidence—such as, Officer Hoover's testimony regarding the controlled buy on January 17 and the recorded prison calls—showed that they regularly *participated* in distributing heroin with Banks and at his direction. Banks also argues

that neither Maresch nor Groff received a benefit in exchange for their efforts. *Id.* at 2. The law, however, does not require that someone receive a benefit to qualify as a coconspirator. Even assuming otherwise, Maresch and Groff testified that Banks regularly compensated them in heroin and that he paid for living expenses.

## II. Sufficient evidence supports the jury's verdict that Banks possessed fentanyl, cocaine base, and cocaine hydrochloride with the intent to distribute.

To prove that Banks possessed controlled substances with the intent to distribute, the Government was required to establish that (1) Banks possessed a mixture or substance containing a controlled substance; (2) that Banks possessed the controlled substance knowingly or intentionally; (3) that Banks intended to distribute the controlled substance; and (4) that the controlled substance was fentanyl as to count two, cocaine base as to count three, and cocaine hydrochloride as to count four. *See* Third Cir. Model Jury Instruction § 6.21.841A.

The evidence supports the jury's verdict on counts two, three, and four. The parties stipulated as to the identity of each controlled substance. Banks also does not appear to dispute that he possessed each of the controlled substances. Indeed, fentanyl and cocaine

8

hydrochloride were found in his pants, and cocaine base was found in the bathroom adjacent to his bedroom.  He also admitted to Sergeant Fenstermacher that the drugs belonged to him.  Groff testified, moreover, that she had—at Banks' direction—packaged the cocaine base found in the bathroom.

Banks primarily argues that there was insufficient evidence that he intended to distribute the drugs.  Doc. 172, at 4.  But the following evidence supports the jury's verdict:

- Sergeant Fenstermacher testified that Banks confessed that he was selling heroin and cocaine, that he had recently received three to four grams of heroin from his supplier, that he had recently received an ounce of cocaine base from his supplier, that he owed one supplier $950, and that he would be willing to cooperate against his suppliers.

- Sergeant Adam Bruckhart testified that Banks attempted, as part of his effort to cooperate with law enforcement, to contact his suppliers.

- The recorded prison calls further confirm that Banks was a drug dealer.

- In Banks' bedroom, police found the drug-packaging materials listed above.

- Testimony indicated that the recovered drugs were packaged for street-level sale.

- Except for Groff's needles found in a bathroom trashcan, no drug-use paraphernalia was found in the residence.

- Groff and Maresch testified that they never saw Banks use drugs, except for marijuana.

- Groff testified that she had flushed substantial quantities of fentanyl (or heroin) and cocaine base as police entered the residence on January 19, and this testimony was corroborated by some of the recorded prison calls.

Given the weight of this evidence, there is no basis to disturb the jury's verdict on counts two, three, and four.

### III. Sufficient evidence supports the jury's verdict that Banks possessed firearms in furtherance of drug-trafficking crimes.

Banks attacks the jury's verdict on counts five and six by first arguing that there was insufficient evidence that he possessed the three guns recovered by police. Doc. 172, at 5. But the jury's verdict was

well-founded. Sergeant Fenstermacher and Officer Hoover testified that Banks pointed out the two guns that were recovered from the brown bag and acknowledged they were his. Sergeant Fenstermacher also explained that Banks acknowledged that the gun recovered in the bathroom was also his and that he passed it to Groff as police entered the residence on January 19. Groff confirmed that Banks handed her the gun, and both she and Maresch testified that the three guns were not theirs. Sufficient evidence supports the jury's conclusion that Banks possessed the guns.

Banks challenges the verdict on count five for the additional reason that, according to him, there was insufficient evidence that his possession was in furtherance of a drug-trafficking crime. But each of the factors that the Third Circuit identified in *United States v. Sparrow*, 371 F.3d 851 (3d Cir. 2004), supports the jury's conclusion that Banks' possession was in furtherance of at least one drug-trafficking crime:

- Over an extended time, Banks was engaged in the street-level distribution of heroin, cocaine hydrochloride, and cocaine base, and as he acknowledged to Sergeant Fenstermacher, he possessed the firearms for protection.

11

> Trooper Wolfe explained that street-level dealers need guns to protect themselves, their product, and their proceeds, and that they cannot go to the police if a crime is committed against them (e.g., robbery).

- All of the firearms were easily accessible. Banks had one firearm on his person at the time police entered and handed it to Groff. The two other firearms were found in a small carrying bag that was easily retrieved by Officer Hoover in the spare bedroom.
- All three firearms are handguns. As Trooper Wolfe explained, drug dealers prefer handguns because they are easy to conceal.
- Two of the three firearms were stolen.
- It was unlawful for Banks to possess stolen firearms, and as the jury ultimately learned, as a felon, Banks was not permitted to possess any firearms.
- All three guns were loaded.
- Banks passed the gun found in the bathroom to Groff along with cocaine base and fentanyl (or heroin), and that gun was

12

found within a few feet of cocaine base. The two guns recovered from the brown bag were in the room adjacent to Banks' bedroom, where he had fentanyl, cocaine hydrocholoride, and over $1,000.

- All three guns were found first thing in the morning, and Banks tried to get rid of at least one of the guns as police entered the residence.

*See id.* at 853. The jury thus had a sufficient basis to find Banks guilty on count five.[1]

### IV. The jury's verdict is well-supported by the evidence and does not constitute a miscarriage of justice.

Banks' request for a new trial under Rule 33 is based solely on an attack against Maresch's and Groff's credibility.[2] Doc. 172, at 7-8. But

---

[1] Because Banks was charged with possession of a firearm in furtherance of a drug-trafficking crime, contrary to Banks' suggestion there was no need for evidence that Banks used a firearm, brandished a firearm, or threatened someone with a firearm. *See* Doc. 172, at 6.

[2] Banks also asserts in passing that Officer Hoover and Sergeant Fenstermacher contradicted each other regarding Banks' acknowledgement that he understood the *Miranda* warnings. Doc. 172, at 8. Even assuming that the two in fact contradicted each other, they both confirmed that Banks acknowledged the warnings, and the minor inconsistency in their testimony is not a legitimate basis to reject the jury's verdict.

in affirming a district court's denial of a Rule 33 motion, the Third Circuit rejected similar credibility attacks where, as here, "the jury was made aware—through cross-examination, closing arguments, and the jury instructions—of [a cooperating witness's] motivations, potential bias, and inconsistent testimony." *United States v. Salahuddin*, 765 F.3d 329, 346 (3d Cir. 2014) (footnote omitted). "Equipped with this knowledge," the Third Circuit explained, "it was the jury's responsibility to decide whether or not to believe [the] testimony." *Id.* Additionally, Maresch and Groff were generally consistent with each other, and their testimony was corroborated by other evidence, including the physical evidence seized from the residence, Officer Hoover's observations of the two controlled buys, Banks' statements to Sergeant Fenstermacher, and the numerous recorded prison calls. The jury's verdict was consistent with all of this evidence, and there is no basis to conclude that the verdict constitutes a miscarriage of justice.

## CONCLUSION

The Court should deny Banks' motion for a judgment of acquittal and new trial.


Dated:  November 3, 2021          Respectfully submitted,

                                                  BRUCE D. BRANDLER
                                                  ACTING UNITED STATES ATTORNEY

                                                  <u>/s/ Carlo D. Marchioli</u>
                                                  Carlo D. Marchioli
                                                  PA 309217
                                                  Assistant U.S. Attorney
                                                  228 Walnut Street, Suite 220
                                                  P.O. Box 11754
                                                  Harrisburg, PA  17108
                                                  Tel:  (717) 221-4482
                                                  Fax:  (717) 221-4493
                                                  carlo.d.marchioli@usdoj.gov

## **CERTIFICATE OF SERVICE**

I certify that on November 3, 2021, I served the foregoing document by electronic service on the following individual:

Jonathan White, Esquire
jwhite@dplglaw.com

/s/ Carlo D. Marchioli
Carlo D. Marchioli
Assistant U.S. Attorney
