# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 1:18-CR-0131 |
| | : | |
| v. | : | |
| | : | |
| ERIC T. BANKS | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

Before the court is a motion to vacate under 28 U.S.C. § 2255 filed by Defendant Eric T. Banks ("Banks"). (Doc. 217.) Banks raises seven claims of ineffective assistance of counsel against his trial and appellate attorneys, but fails to show that any action by counsel fell below the standard of reasonableness. Thus, for the reasons that follow, the court will deny the motion.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On April 18, 2018, a grand jury indicted Banks for possession with intent to distribute heroin, possession with intent to distribute cocaine hydrochloride, possession of a firearm in furtherance of drug trafficking, and possession of a firearm by a previously convicted felon. (Doc 1.) Banks filed a motion to suppress statements he made at the time of his arrest, which was ultimately denied after a hearing. (Docs. 26, 60.) A grand jury later indicted Banks in a superseding indictment of conspiracy to distribute heroin in violation of 21 U.S.C. § 846 (Count 1); possession with intent to distribute fentanyl, cocaine base, and cocaine

hydrochloride in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Counts 2, 3, and 4); possession of a firearm in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c)(1)(A) (Count 5); and possession of a firearm by a previously convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924 (a)(2).  (Doc. 68.)[1]  On August 21, 2021, Attorney Jonathan White, Esquire was appointed to represent Banks.  (Doc. 87.)

On October 8, 2021, following a four-day jury trial, the jury convicted Banks on all counts.  The evidence at trial established that Banks, with the assistance of Erica Groff ("Groff") and Robert Maresch ("Maresch"), was selling controlled substances from 1145 East King Street in York, Pennsylvania.[2]  The evidence also established that Banks possessed at least one firearm in furtherance of drug trafficking, while being a previously convicted felon who was not permitted to possess a firearm.

The trial evidence established that Groff and Maresch initially assisted Banks with making heroin deliveries, and then Banks eventually moved into 1145 East King Street with Groff and Maresch.  After the trio resided together, Groff and Maresch continued to drive Banks to make deliveries.  Maresch also made

---

[1] On September 2, 2021, this case was reassigned to the undersigned.

[2] The court provides this factual summary largely from its prior ruling on post-trial motions but also by reference to the trial transcript.  (*See* Docs. 190, 191, 192, 204, 206.)

heroin deliveries on his own for Banks. Groff assisted with packaging heroin and other drugs for Banks. Additionally, Maresch, on behalf of Banks, sold fentanyl[3] from 1145 East King Street to a confidential informant twice in controlled buys. During a search of the residence, law enforcement officers found materials used for drug distribution in the room in which Banks was sleeping, cash in Banks' pants pocket and dresser, and fentanyl and an Access card in someone else's name in Banks' pants pocket.

After Banks was arrested, several recorded phone calls between Banks and Groff revealed that she was continuing to sell heroin on his behalf to customers at his direction. Banks was giving Groff instructions and contacts for his suppliers and customers. Additionally, the phone calls corroborate the fact that Groff attempted to dispose of a firearm the morning the police searched the residence and that she flushed drugs down the toilet at Banks' direction.

Following his conviction on all counts of the superseding indictment, Banks moved for judgment of acquittal on all counts pursuant to Federal Rule of Criminal Procedure 29(c) and for a new trial pursuant to Federal Rule of Criminal Procedure 33(a) on October 22, 2021. (Doc. 172.) The court denied that motion. (Docs. 192, 193.) Prior to sentencing, Attorney White filed a motion to withdraw as counsel,

---

[3] Trial testimony indicates that the confidential informant who arranged the purchase of the drugs from Maresch asked for heroin, but later analysis of the substance revealed that it was fentanyl.

3

citing Banks's desire to have a new attorney for his sentencing and appeal. (Doc. 179.) The court granted that motion and appointed Attorney John Abom, Esquire on November 16, 2021. (Doc. 180.) Banks was sentenced on May 5, 2022, to 270 months imprisonment and 5 years of supervised release. (Doc. 198.) The same day, Banks filed a notice of appeal. On January 30, 2023, the United States Court of Appeals for the Third Circuit affirmed the court's judgment. (Doc. 208.)

Banks then timely filed the instant pro se motion to vacate under 28 U.S.C. § 2255 on June 26, 2023. (Doc. 211.) The motion has been fully briefed by the parties. (Docs. 217, 225.) Additionally, Banks filed several motions to appoint counsel and one to "compel judgment." (Docs. 209, 22, 224, 226.) These motions, along with the motion to vacate, are ripe for review.

### STANDARD OF REVIEW

Section 2255 allows a prisoner who is in custody to challenge his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Accordingly, the United States Court of Appeals for the Third Circuit has held that, "[a] § 2255 motion is a proper and indeed the preferred vehicle for a federal prisoner to allege ineffective assistance of counsel." *United States. v. Nahodil*, 36 F.3d 323, 326 (3d Cir. 1994) (citing *United States v. Sandini*, 888 F.2d 300, 311-12 (3d Cir. 1989)); *see also United States v. Molina*, 75 F. App'x 111,

113 (3d Cir. 2003) ("Because they are often highly fact-bound, claims of ineffective assistance of counsel are generally not considered on direct appeal. . . . Instead, 'the proper avenue for pursuing such claims is through a collateral proceeding in which the factual basis for the claim may be developed'") (internal citations omitted).

The Sixth Amendment to the United States Constitution guarantees the right of every criminal defendant to effective assistance of counsel. Under federal law, a collateral attack upon a conviction or a sentence based upon a claim of ineffective assistance of counsel must satisfy a two-part test established by the Supreme Court. Specifically, to prevail on a claim of ineffective assistance of counsel, a petitioner must establish that: (1) the performance of counsel fell below an objective standard of reasonableness; and (2) but for counsel's errors, the result of the underlying proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687–88, 691–92 (1984). A petitioner must satisfy both *Strickland* prongs to prevail on a claim of ineffective assistance of counsel. *George v. Sively*, 254 F.3d 438, 443 (3d Cir. 2001).

At the outset, *Strickland* requires a petitioner to "establish first that counsel's performance was deficient." *Jermyn v. Horn*, 266 F.3d 257, 282 (3d Cir. 2001). This threshold showing requires a petitioner to demonstrate that counsel made errors "so serious" that counsel was not functioning as guaranteed under the Sixth

Amendment. *Id.* Additionally, the petitioner must demonstrate that counsel's representation fell below an objective standard of reasonableness under prevailing professional norms. *Id.* However, in making this assessment "[t]here is a 'strong presumption' that counsel's performance was reasonable." *Id.* (quoting *Berryman v. Morton*, 100 F.3d 1089, 1094 (3d Cir. 1996)).

But a mere showing of deficient performance by counsel is not sufficient to secure habeas relief. Under the second *Strickland* prong, a petitioner also "must demonstrate that he was prejudiced by counsel's errors." *Id.* This prejudice requirement compels the petitioner to show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* A "reasonable probability" is defined as "a probability sufficient to undermine confidence in the outcome." *Id.*

Thus, as set forth in *Strickland*, a petitioner claiming that his criminal defense counsel was constitutionally ineffective must show that his lawyer's "representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Thomas v. Varner*, 428 F.3d 491, 499 (3d Cir. 2005) (quoting *Strickland*, 466 U.S. at 689). The petitioner must then prove

prejudice arising from counsel's failings. "Furthermore, in considering whether a petitioner suffered prejudice, '[t]he effect of counsel's inadequate performance must be evaluated in light of the totality of the evidence at trial: a verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support.'" *Rolan v. Vaughn*, 445 F.3d 671, 682 (3d Cir. 2006) (quoting *Strickland*, 466 U.S. at 696).

## DISCUSSION

Banks sets forth seven arguments in support of his § 2255 petition. The court will address each in turn.[4]

### A. Prong one of *Strickland*

#### 1. Sergeant Bruckhart's testimony

First, Banks argues that the trial testimony of Sergeant Adam Bruckhart was false and that he should not have been allowed to testify because he was terminated from the police force in 2018 through 2019. (Doc. 211, p. 4; Doc. 225, p. 6.) Further, he argues that his trial counsel, Attorney White, failed "to execute his professional duties" by allowing Sergeant Bruckhart to testify without questioning him on this issue. (*Id.* at 4–5.)

---

[4] In his reply brief, Banks sets forth a variety of arguments attempting to challenge his conviction by attacking evidence presented at trial and asserting that he is innocent. (*See* Doc. 225.) The court declines to address these arguments because they do not relate to the ineffective assistance claims at issue before the court and were raised for the first time in a reply brief.

In response, the Government submits that, to the extent this claim is not based on ineffective assistance of counsel, it fails because he did not previously bring this claim. (Doc. 217, p. 7.) As to ineffectiveness, the Government also argues that this claim fails because Sergeant Bruckhart never mentioned his termination and there is no evidence to support that he testified falsely. (*Id.* at 7–8.) Thus, Attorney White could not have performed ineffectively by not seeking the exclusion of Sergeant Bruckhart's testimony. (*Id.* at 8.) Furthermore, Banks cannot establish that any error by Attorney White resulted in prejudice to Banks. (*Id.*)

At the outset, the court agrees that to the extent this claim is not based on ineffective assistance of counsel, it fails because it was not previously raised and Banks has not attempted to justify the failure to raise this claim earlier. "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'" *Bousley v. United States*, 523 U.S. 614, 622 (1998) (citations omitted).

This claim also fails as to Attorney White's alleged ineffective assistance of counsel. As a factual matter, Sergeant Bruckhart did not provide any testimony regarding his termination. (*See* Doc. 190, pp. 242–48.) Instead, he testified that for the past thirteen years and at the time of trial, he was employed by the West

8

Manchester Township Police Department. (*Id.* at 242.) Other than his own argument, Banks has provided no evidence that Sergeant Bruckhart's testimony was not truthful or that Attorney White knew of this alleged termination. Accordingly, there is no basis for this court to find that Attorney White's assistance was deficient by not seeking to exclude Sergeant Bruckhart's testimony or question Sergeant Bruckhart regarding the termination.

### 2. Groff and Maresch's testimony

Banks next argues that Attorney White was ineffective by not "further argu[ing] that Groff and Maresch] only testified hoping to get a deal in [their] case." (Doc. 211, p. 5.) In his reply brief, Banks insists that Attorney White failed to properly examine Groff and Maresch on this point. (Doc. 225, p. 3.) This claim easily fails as the trial testimony shows that Attorney White challenged Groff and Maresch's credibility on this exact point. (Doc. 190, pp. 121–23, 203–06.) Attorney White questioned both witnesses on their state charges, why their cases had been pending in state court for over four years, and that they hoped to get a benefit from testifying against Banks. (*Id.*) Therefore, the court cannot conclude that Attorney White's representation was deficient in any manner as to this claim.

### 3. Unnamed defense witnesses and alleged threats to a defense witness

In his third claim, Banks argues that Attorney White was ineffective because he failed to call a list of defense witnesses at trial and specifically told those

9

witnesses not to come to court. (Doc. 211, pp. 6–7.) Banks also asserts that a key defense witness was in the courthouse but "was told by the U.S. Dist. Atty if he was to testify he would then be careered." (*Id.* at 7.) In his seventh claim, Banks again argues that the Government threatened a key defense witness, who then refused to testify, and that Attorney Abom was ineffective for failing to raise this issue on appeal. (Doc. 211, p. 9.) In response, the Government submits these claims fail because Banks does not identify these witnesses, or allege what these hypothetical witnesses would have said, and provides nothing to suggest that the testimony would have refuted the other evidence establishing his guilt. (Doc. 217, pp. 10–11, 16.) In his reply brief, Banks names two witnesses that were purportedly ready to testify on his behalf but again does not state what the witnesses would have said. He states generally that: "their testimony would have shined the light on the Government's witnesses credibility and also the Government's Attorney credibility proving that the testimony of the witnesses was coached to have the testimony directed at Mr. Banks." (Doc. 225, p. 5.)

These claims also fail because an ineffective assistance of counsel claim cannot be based on "mere speculation about what the witnesses . . . might have said." *Duncan v. Morton*, 256 F.3d 189, 201–02 (3d Cir. 2001) (quoting *United States v. Gray*, 878 F.2d 702, 712 (3d Cir. 1989)). Speculative and unspecified testimony cannot be used to demonstrate that counsel's representation fell below

10

the objective standard of reasonableness. *See Zettlemoyer v. Fulcomer*, 923 F.2d 284, 289 (3d Cir. 1991). Here, Banks only provides speculative and unspecified purported testimony of two witnesses, which falls far below the threshold for showing Attorney White was ineffective for failing to call these witnesses at trial.

### 4. Juvenile record

Fourth, Banks asserts that the court improperly relied on his juvenile record and "hearsay from over 26 yrs. ago" at his sentencing. (Doc. 211, p. 8.) He expands on this argument in his reply brief submitting that the court improperly considered facts from prior convictions that he was not charged with in this case. (Doc. 225, pp. 3–4.) The court will address this issue only to the extent that he argues that sentencing counsel did not object to the court's mention of Banks' juvenile record and relied on facts in the presentence report ("PSR").

Upon review of the sentencing transcript, there was no mention of Banks' juvenile record for Attorney Abom to object to. (*See* Doc. 203.) Furthermore, the court appropriately relied on unobjected to facts in the PSR, including Banks' criminal history, which included offenses that were not given criminal history points. Banks provides no basis for which Attorney Abom could have objected to the court's use of this information. Thus, this claim also fails as Banks has not provided any basis to find that Attorney Abom acted ineffectively.

11

### 5. Violation of a stipulation at trial and Attorney Abom's alleged ineffective assistance on appeal

Banks argues that Attorney White was ineffective for failing to object to a violation of a stipulation at trial and that Attorney Abom failed to appeal the proper issues in this case. (Doc. 211, pp. 9–10.) Although Banks offers some additional argument on these issues in his reply brief, *see* Doc. 225, p. 4, 6–8, these claims are so vague and conclusory that the court need not investigate them further. *See United States v. Thomas*, 221 F.3d 430, 437–38 (3d Cir. 2000) ("vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court"). Thus, these claims also fail.

### B. Prong two of *Strickland*

Following review of all seven claims and finding that Attorneys White and Abom's performance did not fall below the objective standard of reasonableness, the court need not address the prejudice prong for any of the claims.

### C. Motions for appointment of counsel and motion to compel

Section 2255(g) provides the District Court with discretion to appoint counsel. Here, Banks has requested appointment of counsel three times. However, because the court finds that Banks' arguments are meritless, the court declines to appoint counsel. Furthermore, the court will deny Banks's request to rule in his favor without review of the merits because the Government purportedly "failed to respond in a timely manner." (*See* Doc. 226.) The Government requested an

12

extension of time to respond to the motion to vacate, which the court granted, and timely filed a brief in opposition. (*See* Docs. 214–217.)

## CONCLUSION

For the reasons stated herein, the court will deny Banks' motion to vacate, motions to appoint counsel, and motion to compel. (Docs. 209, 211, 222, 224, 226.) An appropriate order shall issue.

s/Jennifer P. Wilson<br>
JENNIFER P. WILSON<br>
United States District Judge<br>
Middle District of Pennsylvania

Dated: July 2, 2025